UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

Debtor:     STEVEN R. FOLENIUS                    Case No. 10-10002

Spouse:     DIANA FOLENIUS

## CHAPTER 13 PLAN AND APPLICATION TO CONFIRM

## DEBTOR(S) **ARE** ELIGIBLE FOR DISCHARGE PURSUANT TO 11 U.S.C. SECTION 1328(f)

**1.    MEDIAN INCOME, PLAN PAYMENT, AND PAYROLL DEDUCTION**

   **A.    MEDIAN INCOME**

**XX**    DEBTOR(S) ARE ABOVE MEDIAN INCOME

Current Monthly Income (CMI) minus means test expenses (IRS amounts) = Disposable Income (D/I)

D/I (LINE 59 OF THE MEANS TEST) TIMES 60 = **$32,711.40**

**N/A**   DEBTOR(S) ARE BELOW MEDIAN INCOME

   **B.    PLAN PAYMENT**

Debtor(s) shall pay to the Trustee all projected disposable income in the amount of **$1,230.00** each month for approximately **54** months, but not to exceed five (5) years.

Unless the allowed unsecured claims are paid at 100%, the total Plan payments shall not be less than the sum of 36 months of confirmed monthly Plan payments. This provision does not prohibit Debtor(s) from prepaying the Plan before 36 or 60 months of Plan payments.

   **C.    PERCENTAGE TO UNSECURED CLAIMS**

THIS IS A **PERCENTAGE** PLAN. THE PERCENTAGE IS **24%**.

Liquidation percentage pursuant to 11 U.S.C. Section 1325(a)(4):

**$00.00** (non-exempt equity) divided by **$138,802.78** (unsecured debt) = **0.00%** (liq. percentage).

The Trustee will pay the aforesaid liquidation percentage at a minimum or the disposable income amount, whichever is greater.

If Debtor(s) are required to pay disposable income pursuant to line 59 of the means test:
   **$32,711.40** (non-exempt equity or D/I times 60, whichever is greater)
   divided by **$138,802.78** (unsecured debt) = **23.57%** (plan percentage)

### D. PAYROLL DEDUCTION

The first Plan payment is due 30 days after the date of filing of the Plan or the order for relief, whichever is earlier, unless the Court orders otherwise. *See* 11 U.S.C. Section 1326(a)(1).

Because Debtor is newly employed, payments shall be made directly to the Chapter 13 Trustee.

Debtor(s) MUST make payments by certified check or money order, with Debtor(s)' full name(s), case number, and address written on the payment, sent to:

> Office of the Trustee
> P.O. Box 290
> Memphis, TN 38101-0290

If Debtor(s) are employed, Debtor(s) counsel has uploaded a payroll deduction order prior to confirmation of this Plan. Debtor(s) MUST verify with their payroll administrator that funds have been forwarded to the Office of the Trustee in accordance with this Plan.

### 2. EFFECTIVE DATE OF PLAN AND VESTING OF ESTATE PROPERTY

The effective date of the Plan shall be the date of confirmation of the Plan. Title to Debtor(s)' property shall re-vest in Debtor(s) upon confirmation of the Plan; provided, however, Debtor(s) may not sell any property, real or personal, except upon application to the Trustee or motion to the Court as specified in Local Bankruptcy Rule 6004-1.

### 3. FILING PROOFS OF CLAIM, ALLOWANCE AND PAYMENT OF CLAIMS, AND PRIORITY PAYMENTS

Payment shall not be made on any claim unless a proof of claim is filed with the Clerk of the Bankruptcy Court, or the Court issues an order. *See* Fed. R. Bankr. P. 3002(c). The Trustee is authorized within her discretion to calculate the amount and timing of distributions as is administratively efficient. All priority creditors under 11 U.S.C. Section 507 shall be paid in full in deferred cash payments.

### 4. ATTORNEY'S FEES

The Trustee shall pay attorney's fees for Debtor(s)' counsel pursuant to a filed application for fees and order of the Court. Debtor(s)' counsel shall be paid a lump sum of all funds held by the Trustee at confirmation minus any adequate protection payments, mortgage conduit payments, lease payments, or Trustee fees, and then **$200.00** every month until the attorney's fees are paid.

After payment of attorney's fees is completed, the additional funds will be paid to secured and priority creditors. If monthly secured and priority payments exceed the Plan payment, attorney's fees will be reduced accordingly.

**5.     ADEQUATE PROTECTION PLAN DISBURSEMENTS**

Debtor(s) shall pay adequate protection payments and lease payments as required in 11 U.S.C. Section 1326(a)(1)(B) and (C) and as scheduled in this Plan to the Chapter 13 Trustee.  If this case is dismissed or converted, the Chapter 13 Trustee shall pay the adequate protection payments to the creditors.  **The Trustee shall make the following adequate protection disbursements, if any, with the first payment after confirmation.  Each creditor entitled to adequate protection payments must file a proof of claim.**

| Creditor | Payment | Allowed Secured Claim |
|---|---|---|
| Hyundai Motor Fin. | $200.00 | $21,484.33 |

To the extent this Paragraph duplicates Paragraphs 7 and 8, monthly payments proposed for secured claims in Paragraphs 7 and 8 shall supplant these monthly adequate protection payments.

**6.     SECURITY INTEREST IN COLLATERAL - 11 U.S.C. 1325(a)(5)(B)(i)(I)**

Secured creditors shall retain their security interest in the collateral until payment of the underlying debt or entry of discharge, whichever occurs first.  When these conditions have been fulfilled, the creditor must transfer the title to any collateral pursuant to non-Bankruptcy law within thirty (30) days after final payment.

**7.     RECENT PMSI CLAIMS - 11 U.S.C. 1325(a)**

Debtor(s) incurred the following debt for the purchase of a motor vehicle within 910 days of filing, or incurred the following debt for the purchase of other personal property within one year of filing, subject to a purchase money security interest.

N/A     The following amount designated as the Allowed Secured Claim does not represent the full balance due on the underlying debt.  Instead, Debtor(s) propose to pay a lesser amount; otherwise, Debtor(s) intend to surrender the vehicle in full satisfaction of the debt.  Debtor(s) will seek an agreed order from Creditor that sets forth Creditor's affirmative acceptance of this proposal.

**XX**     To the best of Debtor(s)' knowledge, the amount proposed in this Plan as the "Allowed Secured Claim" is the current unpaid principal balance due.

| Creditor | Payment | Allowed Secured Claim |
|---|---|---|
| Hyundai Motor Fin. | $850.00 | $21,484.33 |

**8. SECURED CLAIMS**

Holders of secured claims (including any set forth in the foregoing Paragraph 7) shall be paid as follows, provided that such priorities may be amended by the Court at or after the confirmation hearing, and that holders of secured claims will be given priority as set forth herein over holders of unsecured claims.

| Creditor | Payment | Allowed Secured Claim |
|---|---|---|
| GEMB/HH Gregg (Acct. Ending 8217) | $35.00 | $1,100.00 |
| GEMB/HH Gregg (Acct. Ending 5979) | $35.00 | $1,000.00 |
| Citifinancial Retail | $54.00 | $2,000.00 |

The amount of any secured creditor's allowed secured claim shall be that amount proposed in the Plan as the "Allowed Secured Claim" unless the Court, prior to confirmation, orders otherwise. Fees, costs, and other charges on the proof of claim must be reasonable as required pursuant to 11 U.S.C. Section 506(b). If sufficient funds are not available to make a full monthly payment on all claims listed above, the available funds will be disbursed by the Trustee according to the funds she has on hand, and she shall approximate the amounts listed above as closely as possible.

**9. DOMESTIC SUPPORT OBLIGATION: 101(14A); 1325(a)(8); 1302(d)(1); 1302(b)(6)**
**XX** This section is not applicable.

**10. PLAN DISBURSEMENTS - DEFAULT PAYMENTS "INSIDE THE PLAN"**

Debtor(s) proposes to cure defaults to the following creditors by payment of the following monthly amounts by the Trustee:

| Creditor | Payment | Cure Amount | Interest Paid? |
|---|---|---|---|
| N/A | $00.00 | $00.00 | N |

Mortgage arrearage claims involving mortgages that were executed after October 22, 1994, shall not be paid interest. Unless modification of creditor(s)' rights is specified in the Plan, Debtor(s)' statement of the arrearage(s) under this paragraph shall be considered estimates, and the Trustee shall schedule the claims in the amount(s) set forth in the creditor(s)' respective Proof(s) of Claim (subject to Debtor(s)' objections thereto).

**11.    MORTGAGE CLAIMS - REGULAR MORTGAGE PAYMENT**
If the Trustee is paying the "regular" mortgage payment, any proof of claim must specify the arrearage amount and the principal amount. Also, the holder of the mortgage shall file an amended proof of claim for any changes in the required periodic mortgage payments during the life of the Plan; and the Plan will be deemed to have been modified and the Trustee will disburse the mortgage payments according to the amended proof of claim.

| Creditor | Payment | Payments Begin |
|---|---|---|
| N/A | $00.00 | N/A |

Interest shall not be paid on this amount.

**12.    CREDITORS PAID DIRECTLY AND NOT BY THE CHAPTER 13 TRUSTEE**
Creditors who will be paid directly by Debtor(s) and not through the Trustee are:

| Creditor | Payment | Payments Begin |
|---|---|---|
| N/A | $00.00 | N/A |

Debtor(s) reserve the right to pay these creditors through the Plan by filing a Motion to Modify.

**13.    EXECUTORY CONTRACTS**
*See* Statement of Executory Contracts, Schedule G.

| Creditor | Payment | Payments Begin | Assume/Reject |
|---|---|---|---|
| Verizon Wireless | $00.00 | N/A | REJECT |

**14.    POST-PETITION CLAIMS AND ADDITIONAL CREDITORS**
Post-petition claims that are allowed and upon which creditors file a claim shall be paid the same percentage as pre-petition claims, which shall represent payment in full to the creditor, unless the Court orders otherwise. Debtor(s) may file a motion to remove or add any creditor to the Plan.

**15.    INTEREST RATE**
Secured claims shall be paid interest at the annual percentage rate listed herein based upon a declining monthly balance on the amount of the allowed secured claim at the rate of **4.25%**. This interest shall be paid as a part of the monthly payments shown herein. (*See In re Till*).

**16.     PERSONAL INJURY CLAIMS, WORKERS COMPENSATION CLAIMS, SOCIAL SECURITY CLAIMS, AND MISCELLANEOUS CLAIMS OF DEBTOR(S)**

Debtor(s) shall keep the Trustee informed about any change in status of claims for personal injury, workers compensation, social security, or any other claims from which Debtor(s) may be entitled to receive payment. Before the claim can be settled and distributed, Debtor(s) must comply with all requirements for filing applications and motions for settlement with the Court as required by the Bankruptcy Code and Local Rules. These funds shall be treated as additional Plan payments or as the Court otherwise orders. Debtor(s)' case will not be complete until the claim has been settled and shall remain open for administration purposes until the claims have been paid into the Plan or the Court otherwise orders.

**17.     TAX RETURNS AND REFUNDS**

Debtor(s) must file tax returns every year while in the Chapter 13 Plan unless exempt by IRS statutes. Any refunds in excess of $800.00 for individual tax returns, and $1,600.00 for joint tax returns, must be turned over to the Chapter 13 Trustee unless otherwise ordered by the Court. Debtor(s) may file a motion to retain if the funds are necessary for their maintenance and support.

**18.     TRANSFERRED CLAIMS**

If any creditor has transferred its claim by assignment or otherwise, the underlying debt shall be discharged as to the transferor and the transferee upon the completion of the Plan through discharge. *See* Fed. R. Bankr. P. 3001(e)(2).

**19.     SALE OF REAL ESTATE AND APPLICATION TO INCUR DEBT FOR REFINANCING**

Sale or refinancing of real estate must occur pursuant to the Local Bankruptcy Rules. The Trustee must be served with a copy of the closing statement one day before the closing.

**20.     CASUALTY LOSS INSURANCE PROCEEDS**

All insurance proceeds must be turned over to the Trustee unless the Court grants a motion to retain proceeds or the Court orders otherwise.

**Substitution of Collateral**

If a motor vehicle is substantially damaged while there is still an unpaid claim that is secured by the vehicle, Debtor(s) shall have the option of using the insurance proceeds to either repair the vehicle, pay the balance of the secured claims if the secured creditor is a named loss payee on the policy, or move to substitute collateral by purchasing a replacement vehicle. If a replacement vehicle is purchased, the vehicle shall have a value not less than the balance of the unpaid secured claim, the creditor's lien will be transferred to the replacement vehicle, and the Trustee will continue to pay the secured claim.

**21.     STUDENT LOANS**
**XX**     Student loans shall be paid as other unsecured creditors pursuant to Paragraph 1(C) of this Plan.

**22.     SURRENDER OF COLLATERAL**

If the Plan provides for surrender of collateral to a secured creditor, the Trustee will not schedule the affected creditor's secured claim for payment until the claim has been amended to properly reflect the unsecured deficiency after disposition of the collateral. Upon confirmation of the Plan, any stay created by the filing of the petition pursuant to 11 U.S.C. Section 362 shall be deemed modified to allow *in rem* disposition of the collateral to effect the surrender. Affected creditors are not barred by this provision from seeking pre-confirmation modification of the stay.

**23.   DISCHARGE - 11 U.S.C. Section 1328**
<u>**XX**</u>   Debtor(s) shall receive a discharge when all applicable requirements of 11 U.S.C. Section 1328 have been fulfilled.

**24.   AUTOMATIC STAY**
<u>**XX**</u>   The Automatic Stay pursuant to 11 U.S.C. Section 362 is in effect as to all property of the estate, unless this Plan indicates otherwise, subject to 11 U.S.C. Section 362 (c)(1) and (2).

**25.   CO-SIGNERS**
Creditors who have co-signers, co-makers, or guarantors, from whom they are enjoined from collection under 11 U.S.C. Section 1301, and which co-signers, co-makers, or guarantors are not also Chapter 13 debtors, may be separately classified. Such creditors may file their claims, including all of the contractual interest that is due or that will become due during the Plan.

| Creditor | Percentage Paid | Interest Paid? |
|---|---|---|
| <u>N/A</u> | <u>100%</u> | <u>Y</u> |

*See* Schedule H. Payment of the amount specified in the proof of claim shall constitute full payment of the debt as to Debtor(s) and any co-signer, co-maker, or guarantor.

**26.   DEFAULT AND WAIVER**
Any default of Debtor(s) that is not proposed to be cured in the Plan herein is deemed waived by the confirmation of the Plan.

**27.   MODIFICATION**
After opportunity for hearing and upon such notice as the Court may designate, if it appears that the circumstances of Debtor(s) so require, the Court may, at the confirmation hearing or during the operation of the Plan, increase or decrease the amount of payments to be paid by Debtor or to be paid as a priority payment to any creditor, or may extend or reduce the time for such payments. After confirmation, Debtor(s) must file a motion to modify and attach an amended plan.

**28.   NOTICES**
Notice to all parties shall be made by regular mail or electronically.

**29.   CONFIRMATION**
Confirmation of the Plan shall constitute a finding by the Court that there is good cause to extend the Plan beyond the applicable commitment period under 11 U.S.C. Section 1325(b)(4), if the Plan calls for such an extension, and that the Plan was filed by Debtor(s) in good faith and represents Debtor(s)' best effort. All conditions of 11 U.S.C. Section 521 have been fulfilled or Debtor(s) have requested an order from the Court.

**30. ADDITIONAL PROVISIONS**

**THE REAL ESTATE LOCATED AT 2846 HONESDALE COURT SHALL BE SURRENDERED TO WELLS FARGO FINANCIAL.  ANY FORECLOSURE DEFICIENCY SHALL BE PAID PURSUANT TO A PROPERLY FILED PROOF OF CLAIM AS UNSECURED AND SUBJECT TO DISCHARGE.  ANY SECURED CLAIM, INCLUDING ANY CLAIM FOR ARREARAGE, SHALL BE DISALLOWED.  AN AMENDED PROOF OF CLAIM FOR THE UNSECURED DEFICIENCY BALANCE, IF REQUIRED, SHALL BE FILED WITHIN 270 DAYS AFTER CONFIRMATION; OTHERWISE, THE DEFICIENCY SHALL BE SUBJECT TO DISCHARGE WITHOUT PAYMENT.  ANY UNPAID PROPERTY TAXES DUE TO THE HAMILTON COUNTY TREASURER SHALL BE PAID FROM THE PROCEEDS OF SHERIFF'S SALE AND NOT BY THE CHAPTER 13 TRUSTEE.**

Date 2/1/10                                         /s/ STEVEN R. FOLENIUS
                                                    Debtor


Date 2/1/10                                         /s/ DIANA FOLENIUS
                                                    Spouse